**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA       : SUPERSEDING
                               : INFORMATION
      -v-                      :
                               : S23 11 Cr. 1072 (DLC)
ALEX ORIA,                     :
                               :
          Defendant.           :
                               :
- - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 15 2013

COUNT ONE

(Conspiracy to Commit Mail Fraud, Wire Fraud
and Health Care Fraud)

The United States Attorney charges:

1. From at least in or about 2006, up to and including in or about July 2012, in the Southern District of New York and elsewhere, ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1341, 1343, and 1347 of Title 18, United States Code.

Objects of the Conspiracy

Mail Fraud

2. It was a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

CERTIFIED AS A TRUE COPY ON
THIS DATE 8/28/2019
BY _____
( ) Clerk
(x) Deputy

representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom such matters and things, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

### Wire Fraud

3.  It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme

and artifice, in violation of Title 18, United States Code, Section 1343.

### Health Care Fraud

4. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises money owned by and under the custody and control of a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Conspiracy to Commit Misbranding Offenses and the Unlawful Wholesale Distribution of Prescription Drugs)

The United States Attorney further charges:

5. From at least in or about 2006, up to and including in or about July 2012, in the Southern District of New York and elsewhere, ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, and to commit offenses

against the United States, to wit, to violate Sections 331(a), 331(c), 331(t), 333(a)(2), 333(b)(1)(D), 353(e)(1)(A) and 353(e)(2)(A) of Title 21, United States Code.

### Objects of the Conspiracy

6. It was a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly would and did engage in the wholesale distribution in interstate commerce of prescription drugs subject to Title 21, United States Code, Section 353(b) in a State, at a time when the defendant and his coconspirators were not licensed by that State, in accordance with the guidelines issued under Title 21, United States Code, Section 353(e)(2)(B), in violation of Title 21, United States Code, Sections 331(t), 333(b)(1)(D), and 353(e)(2)(A).

7. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did introduce and deliver for introduction into interstate commerce a drug that was misbranded, as that term is defined in Title 21, United States Code, Sections 352(a) and (i), in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

8. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown,

4

willfully and knowingly, and with the intent to defraud and mislead, would and did receive in interstate commerce a drug that was misbranded, as that term is defined in Title 21, United States Code, Sections 352(a) and (i), and would and did deliver and proffer delivery thereof for pay and otherwise, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).

9. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly would and did defraud the United States and an agency thereof, to wit, to hamper, hinder, impede, and obstruct by trickery, deceit, and dishonest means, the lawful and legitimate functions of the United States Department of Health and Human Services and its agency, the United States Food and Drug Administration ("F.D.A."), in the administration and enforcement of regulations governing prescription drugs, by falsifying prescription drug pedigrees required to be maintained by Title 21, Code of Federal Regulations, Section 203.50(a), for the purpose of concealing the true source of prescription drugs that ORIA and his co-conspirators were selling to others.

10. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did fail to comply with the requirements of Section 353(e) of Title 21, United States Code, to wit, while

engaged in the wholesale distribution of prescription drugs subject to Title 21, United States Code Section 353(b), not as the manufacturer or authorized distributor of such drugs, ORIA caused to be falsified statements identifying each prior sale, purchase, and trade of prescription drugs that were required to be provided by Section 353(e)(1)(A) of Title 21, United States Code, and Section 203.50(a) of Title 21, Code of Federal Regulations, in violation of Title 21, United States Code, Sections 353(e)(1)(A) and 333(a)(2).

### Overt Act

11. In furtherance of the conspiracy and to effect the illegal objects thereof, ALEX ORIA, the defendant, and others known and unknown, committed the following overt act, among others, in the Southern District of New York and elsewhere:

    a. In or about 2011, ALEX ORIA, the defendant, discussed with co-conspirators not named as defendants herein how to falsify pedigrees relating to wholesale prescription drug transactions.

(Title 18, United States Code, Section 371.)

### COUNT THREE

(Money Laundering Conspiracy)

The United States Attorney further charges:

12. From at least in or about 2009, up to and including in or about July 2012, in the Southern District of New York and

6

elsewhere, ALEX ORIA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1956(a)(1)(B)(i) and 1957(a) of Title 18, United States Code.

### Objects of the Conspiracy

13. It was a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of health care, mail and wire fraud offenses, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the proceeds of health care, mail and wire fraud offenses, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

14. It was further a part and an object of the conspiracy that ALEX ORIA, the defendant, and others known and unknown, in an offense taking place in the United States, willfully and

knowingly would and did engage in monetary transactions in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, to wit, the proceeds of health care, mail and wire fraud offenses, in violation of Title 18, United States Code, Section 1957(a).

### Overt Act

15. In furtherance of the conspiracy and to effect the illegal objects thereof, ALEX ORIA, the defendant, and others known and unknown, committed the following overt act, among others, in the Southern District of New York and elsewhere:

    a. In or about 2012, ALEX ORIA, the defendant, received a fax in Texas from co-conspirators not named as defendants herein located in Florida, which contained instructions on how to transfer funds by wire to an account at Banco Monex, in order to facilitate the conversion of the wired funds into cash that ultimately was going to be picked up in Florida and elsewhere and paid to suppliers of second-hand prescription drugs.

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATIONS

16. As a result of committing the conspiracy to commit mail fraud, wire fraud, and health care fraud offense alleged in Count One of this Superseding Information, ALEX ORIA, the defendant, shall forfeit to the United States, pursuant to 18

U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

17. As a result of committing the conspiracy to commit mail fraud, wire fraud, and health care fraud offense alleged in Count One of this Superseding Information, ALEX ORIA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds traceable to such offense.

18. As a result of committing the conspiracy offense alleged in Count Two of this Superseding Information, ALEX ORIA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

19. As a result of committing the conspiracy to commit money laundering offense alleged in Count Three of this Superseding Information, ALEX ORIA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds traceable to such offense.

Substitute Assets Provision

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other described forfeitable property.

> (Title 18, United States Code, Sections 981 and 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ALEX ORIA,

Defendant.

---

SUPERSEDING INFORMATION

S23 11 Cr. 1072 (DLC)

(18 U.S.C. §§ 371, 1349, 1956;
18 U.S.C. §§ 981 and 982; 21 U.S.C. § 853; 28 U.S.C. § 2461.)

PREET BHARARA
United States Attorney.

---

5/15/2013 Waiver of Indictment filed.
Cote, USDJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA         :

   v.                            :

ALEX ORIA,                       :         S23 11 Cr. 1072 (DLC)

         Defendant.              :

------------------------------------X

The above-named defendant, who is accused of violating Title 18, United States Code, Sections 1349, 371 and 1956(h), being advised of the nature of the charges and of his rights, hereby waives, in open Court, prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

_____
Defendant

_____
Witness

_____
Counsel for Defendant

Date:   New York, New York
        August 15, 2013

CERTIFIED AS A TRUE COPY ON

THIS DATE  8/28/2019

BY _____
   ( ) Clerk
   (X) Deputy

0202

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 15 2013